El Pueblo de Puerto Rico, demandante y apelado, *v.* Avelino González Mena, acusado y apelante.

No. 3776.—*Sometido:* Junio 26, 1929. *Resuelto:* Junio 25, 1930.

*A. Dones Padró,* abogado del apelante; *R. A. Gómez,* abogado de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

La sección 5 de la "Ley proveyendo lo necesario para castigar la adulteración de café, y para otros fines," Leyes de 1928, página 167, hace la infracción de la sección 1 de dicha ley un delito menos grave. La sección 1 dispone lo siguiente:

"Será ilegal adulterar o mezclar café, en grano, triturado o molido, con cualquier otro grano o sustancia, con la intención de venderlo, ofrecerlo o tenerlo en venta, y será igualmente ilegal que dicho café, así adulterado o mezclado, sea vendido, ofrecido o tenido en venta, o sea transportado o almacenado con el fin de dedicarlo al consumo humano, o sea usado para fines industriales, cuando se destine a la preparación de alimentos para el consumo humano."

Avelino González Mena fué convicto de una infracción de este artículo a virtud de una acusación en que se alegaba que dicho González Mena, ilegal, voluntaria y maliciosamente tenía y ofrecía en venta, con el fin de dedicarlo al consumo humano, café tostado y molido adulterado con azúcar.

El caso fué sometido de acuerdo con una estipulación

sobre los hechos al efecto de que el acusado tenía y ofrecía en venta para el fin especificado en la acusación, café tostado y molido adulterado con azúcar; que esta adulteración no era nociva a la salud y que el café estaba envasado en paquetes conteniendo un rótulo que decía que el café estaba mezclado con el 4½ por ciento de azúcar.

La única defensa aducida fué que los hechos alegados en la acusación y admitidos por el fiscal del distrito en la aludida estipulación no constituyen delito, toda vez que la ley de que se trata es inconstitucional porque la ley federal de alimentos y drogas permite adulteraciones inofensivas siempre que el rótulo especifique la naturaleza y el tanto por ciento de las materias extrañas agregadas.

No se ha hecho señalamiento de errores. La argumentación consiste en la elaboración de la defensa planteada al terminar el juicio. Primero asume que la ley "proveyendo lo necesario para castigar la adulteración de café, y para otros fines" es una ley sanitaria, y luego levanta la teoría de que está en conflicto con la Ley Federal de Alimentos y Drogas. La contención final es que la ley local es discriminatoria.

No hay prueba alguna de la intención de limitar el alcance de la ley a cuestiones que afecten la salud pública. Si hubiese sido la intención de la legislatura prohibir la adulteración por adición de substancias venenosas o deletéreas solamente, habría habido alguna expresión de la voluntad legislativa a ese respecto. En ausencia de mención alguna respecto a la rotulación falsa, no había necesidad de que se definiera esa frase o de un *disponiéndose* excluyendo compuestos rotulados en determinada forma. Si hubiera habido alguna intención de crear una exención a favor de los que efectuasen adulteraciones inofensivas o sanas con sujeción a ciertas condiciones en lo referente a los rótulos o a cualquier otro extremo, esa intención aparecería de la faz de la ley. El fin de la ley es proteger al público contra fraudes y engaños, prohibiendo la mezcla de granos u otras substancias más

baratas o inferiores, ya fueren sanas o no, que aumenten el peso y menoscaben la calidad del café como tal.

■■ La Ley Nacional de Alimentos y Drogas no impide la aprobación de ninguna ley local vedando la manufactura o el tráfico de alimentos con otros artículos que no caen dentro de la prohibición del estatuto federal. Por tanto, no existe conflicto alguno entre ese estatuto y la ley que estamos considerando. Tampoco es discriminatoria la ley local meramente por no impedir la manufactura o el tráfico de otros artículos que por disposición expresa de la Ley Federal de Alimentos y Drogas están excluídos de la definición de las palabras "adulterado" y "rotulado falsamente," según se usan en esa ley.

*Debe confirmarse la sentencia apelada.*

Los Jueces Asociados Señores Wolf y Texidor disintieron.*

OPINIÓN DISIDENTE EMITIDA POR EL JUEZ ASOCIADO SR. WOLF.

A mi entender, el café mezclado con azúcar ha sido un producto o preparación usado y vendido en Puerto Rico durante largo tiempo. Sea esto cierto o no, no puedo ver razón alguna por la cual una persona en Puerto Rico no tenga el derecho de tomar dos simples ingredientes, productos del país, mezclarlos, y venderlos a su conveniencia, siempre que el efecto vendido se rotule claramente. La Legislatura podría prohibir cualquier mezcla o llamada "adulteración" de café a menos que esté claramente rotulada. Sin embargo, cuando sin necesidad aparente para ello la Legislatura prohibe la venta de un producto así mezclado, soy de opinión que ella se ha excedido en el ejercicio de su poder de policía. La actuación de la Legislatura que, según mi criterio, así trasciende el poder de policía, es inconstitucional y nula. Nadie debe estar sujeto a ser perseguido y penado por la ley en razón de un acto tan inocente.

Es cierto que el apelante en su señalamiento de errores en este tribunal no suscitó la cuestión que ahora se presenta.

---

* NOTA: Véase el prefacio.

No obstante, me pareció aparente en el momento de discutirse el caso que la Legislatura no tenía derecho a definir el delito en que se fundó la acusación. Toda vez que el apelante, si no estoy errado, no había sido culpable de delito alguno dentro de las facultades de la Legislatura, la cuestión de constitucionalidad podría suscitarse en cualquier momento y por la corte misma. Quizá otras personas también podrían ser perseguidas bajo la autoridad del presente caso.

No he practicado un estudio considerable de la jurisprudencia, pero ella aparece parcialmente indicada por 12 C. J. 929; 12 C. J. 934, nota 43; 12 C. J. 774, sección 203; 12 C. J. 786, notas 73, 74 y 75; y 12 C. J. 922. Asimismo, por nuestra decisión en el caso de *El Pueblo* v. *Carril*, emitida el 27 de junio de 1930.